**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| JOHN SHULER,<br><br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. 07-cr-0060-LRR (Criminal)<br>No. 11-cv-0088-LRR (Civil)<br><br>ORDER |

*TABLE OF CONTENTS*

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.    RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.   LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

       A.     *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255* . . . . . *4*
       B.     *Standards Applicable to Sixth Amendment* . . . . . . . . . . . . . . . . . *6*

IV.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

       A.     *Request for Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . *8*
       B.     *The Movant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
       C.     *Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . *11*

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*I. INTRODUCTION*

The matter before the court is John Shuler's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (civil docket no. 1). John Shuler ("the movant") filed such motion on July 29, 2011. On October 7, 2011,

the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 2). On December 20, 2011, the government filed a resistance (civil docket no. 11). Such resistance incorporated and relied on the affidavit of defense counsel (civil docket no. 8), which the court required her to prepare. After the court granted several extensions, the movant filed his reply on March 8, 2012 (civil docket no. 17).

## II. RELEVANT BACKGROUND

On October 24, 2007, the movant and his co-defendant, Heather Fiorella, were charged by the grand jury with five federal crimes in a second superseding indictment (criminal docket no. 56). The counts and charges are as follows:

| Count | Crime | Code Sections |
|---|---|---|
| 1. | Conspiracy to sexually exploit children | 18 U.S.C. § 2251(a) & (e) |
| 2. | Permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct | 18 U.S.C. § 2251(b) & (e) |
| 3. | Sexual exploitation of a child | 18 U.S.C. § 2251(a) & (e); 18 U.S.C. § 2 |
| 4. | Attempted sexual exploitation of a child | 18 U.S.C. § 2251(a) & (e); 18 U.S.C. § 2 |
| 5. | Possession of child pornography | 18 U.S.C. § 2252A (a)(5)(B) & (b)(2); 18 U.S.C. § 2 |

After unsuccessfully seeking to suppress evidence (criminal docket nos. 22, 38, 48 & 49), the movant entered guilty pleas to counts 1 and 3 of the second superseding indictment (criminal docket nos. 61 & 62). On November 13, 2007, the court accepted the movant's pleas of guilty (criminal docket no. 68).

On September 9, 2008, the court sentenced the movant to 470 months imprisonment. Such term consisted of a 360 month term on each of counts 1 and 3 of the second superseding indictment with 250 months imposed on count 3 to run concurrently with the term of imprisonment imposed on count 1 and 110 months on count 3 to run consecutively to the term of imprisonment imposed on count 1. The court imposed a fifteen year term of supervised release and ordered the movant to pay a $200 special assessment (criminal docket no. 119).

The movant unsuccessfully appealed to the Eighth Circuit Court of Appeals. The movant raised the following issues on appeal: (1) whether a four-level enhancement under USSG §2G2.1(b)(4) was supported by the facts and the law; and (2) whether the sentence was unreasonable. *United States v. Shuler*, 598 F.3d 444 (8th Cir. 2010).

In his motion, the movant claims that his attorney provided ineffective assistance. The movant specifically contends that defense counsel was ineffective in:

(1) failing to consult and hire an expert witness at sentencing;

(2) failing to submit the conclusions and recommendations of his forensic psychological evaluation at sentencing;

(3) failing to argue at sentencing that USSG §2G2.2 is flawed and not supported by empirical data;

(4) failing to object to the court's consideration of a video tape that appears to have never been formally entered into the record as an exhibit or otherwise;

 (5) failing to argue at sentencing that the total offense level calculation under the guidelines rendered the acceptance of responsibility reduction at USSG §3E1.1 ineffectual and mooted the benefit of pleading guilty;

 (6) failing to conduct an adequate investigation;

 (7) failing to investigate a potentially meritorious commerce clause challenge to the prosecution of this case;

 (8) failing to argue at sentencing that the court erred in sentencing him to a partially consecutive sentence beyond the 30-year statutory maximum; and

 (9) failing to argue at sentencing that 18 U.S.C. § 3553(a)(6) directs courts to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes.

(civil docket no. 1). The government resists all of the movant's claims (civil docket no. 11). The court now turns to consider the movant's claims.

### III. LEGAL STANDARDS

#### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and

prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original).  If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).  Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[1]

### B. Standards Applicable to Sixth Amendment

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e."  U.S. Const., amend. VI.  Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  In *Strickland*, the Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

---

[1] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

6

> guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also Apfel*, 97 F.3d at 1076 ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

## IV. ANALYSIS

### A. Request for Evidentiary Hearing

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating

that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The movant asserts that an evidentiary hearing is necessary to resolve his claims. The court disagrees with such assertion and concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's ineffective assistance of counsel claims are without merit and that no violation of either the movant's constitutional rights or federal law occurred. As such, the court finds that there is no need for an evidentiary hearing.

### *B. The Movant's Arguments*

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons that are stated in the government's resistance because it adequately applied the law to the facts in the case. The government correctly asserted that counsel provided professionally competent assistance to the movant and did not make objectively unreasonable choices regarding the appropriate

action to take or refrain from taking that prejudiced the movant's defense, particularly at sentencing.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also Apfel*, 97 F.3d at 1076 (making clear that a movant must establish a constitutional violation that, if uncorrected, would result in a complete miscarriage of justice). The court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, and any deficiencies in counsel's performance did not prejudice the movant's defense, *id.* at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's specious claims and no violation of the movant's constitutional right to counsel occurred.

The movant's suggested sentencing arguments would have made no difference to the undersigned if actually argued at sentencing. The movant conveys no new ideas or information. The court had knowledge of the arguments that he now advances at the time of his sentencing hearing. The attack on USSG §2G2.2 had been argued in prior cases without success at the trial court level and at the Eighth Circuit Court of Appeals.

As noted by the government, the video tape at issue was already part of the record before the court, having been introduced at the detention hearing. Furthermore, the video tape was clearly relevant and appropriately considered as part of the court's analysis of the sentencing factors at 18 U.S.C. § 3553(a). Any objection to consideration of it would have been overruled by the court.

Defense counsel fully explored with the movant the options to resolve his case. The commerce clause attack was a non-starter as detailed in defense counsel's affidavit. The movant was informed and apparently considered whether cooperating with the government was in his best interest. The movant decided not to cooperate. Binding plea agreements are rarely offered by the government and almost never accepted by this court. Nothing about the movant's case would have been a basis for the court to agree to a binding plea agreement. The court would have declined to give up its full discretion at the sentencing hearing due to the movant's egregious criminal conduct.

Defense counsel's affidavit reveals her deliberations and strategic planning throughout her representation of the movant. As a seasoned advocate and a sentencing veteran, she knew and articulated to the movant how a seemingly defense-positive argument could be turned around to be defense-negative. The criminal conduct of the movant in this case was egregious and defense counsel had to make some difficult decisions on what presentation and arguments had the best chance of resulting in a more favorable sentence for her client. The fact that the movant received a substantial term of imprisonment is no reflection on the competency of defense counsel.

Thus, none of the alleged errors that are asserted by the movant warrant relief under 28 U.S.C. § 2255. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

### C.  *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability

under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See*

28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V.  CONCLUSION

The court finds all of the movant's assertions under 28 U.S.C. § 2255 to be without merit. Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1) is **DENIED**. Lastly, the court does not believe that appellate review of the movant's claims is warranted, and, therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

DATED this 11th day of February, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA